IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| ) | |
| vs.   ) | Criminal Action No. 21-cr-00014-KD-B |
| ) | |
| KEVIN CHRISTOPHER HODGES,   ) | |
| ) | |
| Defendant.   ) | |

## ORDER

The competency hearing pursuant to 18 U.S.C. § 4247(d) for Defendant Kevin Christopher Hodges was held November 17, 2021. Defendant Hodges, his defense counsel Gordon G. Armstrong III, and Assistant United States Michael D. Anderson were present. Prior to the hearing, the Court and the parties received a copy of the Psychological Evaluations from the Federal Medical Center, Fort Worth, Texas (doc. 16). The Evaluations and the opinions contained therein were the only evidence offered with respect to Hodges' competency to proceed to trial and mental status at the time of the offense. The Psychologist offered her opinion that Hodges does not appear to suffer from a "mental disease or defect that would significantly interfere with his rational and factual understanding of the charges and proceedings against him, or his ability to assist counsel in his defense" (doc. 16, p. 26). The Psychologist also offered her opinion that Hodges "did not appear to suffer from a severe mental disease or defect to the extent that he was unable to appreciate the nature, quality or wrongfulness of his alleged offense conduct" (doc. 17, p. 13).

"The Due Process Clause of the Fifth Amendment requires that a defendant be mentally competent to be tried or convicted." United States v. Harris, 741 Fed. Appx. 663, 667 (11th Cir. 2018) (citing United States v. Rodriguez, 751 F.3d 1244, 1252 (11th Cir. 2014)). Hodges shall be considered mentally competent to stand trial if found to have "sufficient present ability to consult

with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402, 80 S. Ct. 788, 789 (1960); Adams v. Wainwright, 764 F.2d 1356, 1359-60 (11th Cir.1985), *cert. denied*, 474 U.S. 1073, 106 S. Ct. 834 (1986) (same); Harris, 741 Fed. Appx. at 667 (quoting Rodriguez, 751 F.3d at 1252) ("The standard of competence is 'whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding,' and whether the defendant has a rational and factual understanding of the criminal proceedings."); United States v. Evans, 332 Fed. Appx. 561, 562 (11th Cir. 2009) ("For a defendant to be competent ..., he must have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... [and] ha[ve] a rational as well as factual understanding of the proceedings against him.'") (quoting United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam)). See also Godinez v. Moran*,* 509 U.S. 389, 401 n.12, 113 S. Ct. 2680, 2687 (U.S. 1993) ("the question is whether [the defendant] has the ability to understand the proceedings.").

Upon consideration of all matters presented, including the findings of the Forensic Psychologist, which the Court adopts, and the parties' respective positions as set forth at the hearing, the Court finds by a preponderance of the evidence that Hodges is not "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[,]" 18 U.S.C. § 4241(d). The Court further finds that at the time of the offense, Hodges was not unable to appreciate the nature, quality, or wrongfulness of his alleged conduct. Accordingly, Hodges is competent to proceed.

DONE and ORDERED this 17th day of November 2021.

s / Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE